UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 24-cr-40011 |
| | ) | |
| JALEN LATIMER | ) | |
| | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

The Defendant, Jalen Latimer, submits this memorandum in aid of sentencing. Mr. Latimer stands convicted of three offenses: Count 1 charging a conspiracy to commit child sex trafficking in violation of 18 U.S.C. § 1594(c), and Counts 2 & 3 each charging sexual exploitation of a child in violation of 18 U.S.C. § 2251(a). Mr. Latimer was also charged in Worcester Superior Court for related conduct and has appeared in this court via writ. On March 17, 2025, he pleaded guilty in Worcester Superior Court to numerous related charges and was sentenced by the Court (Reardon, J.) to a period of 15 years in Massachusetts state prison. This Court now must determine the appropriate the appropriate sentence under 18 U.S.C. § 3553(a) for largely the same conduct for which Mr. Latimer will serve a 15 year state prison term. The defense agrees that some additional penalty beyond the 15 year state prison sentence is warranted under 18 U.S.C. § 3553(a) due to the seriousness of the offense. At the same time, Mr. Latimer is a first-timer offender who accepted responsibility for his actions, is remorseful, and is deserving of a chance to rehabilitate himself. For these reasons, he requests that the Court sentence him to 20 years imprisonment, to be served concurrently with the sentence imposed by the Worcester Superior Court.

## Application of Sentencing Guidelines

The court must "begin sentencing proceedings by correctly calculating the applicable Guideline range." *Gall v. United States*, 552 U.S. 38, 49 (2007).  Here, the applicable guidelines sentencing range is not in dispute.  The total offense level, after accounting for his timely acceptance of responsibility, is 43.  Even though Mr. Latimer has no prior criminal convictions and falls in criminal history category I, the guidelines nonetheless produce an advisory sentencing range of life imprisonment.

## Latimer's Background and Personal Circumstances

Jalen Latimer, now 26 years old, was raised in Boston and endured a difficult childhood.  He was raised by his mother and never knew his father.  Mr. Latimer has two younger sisters and a teenage brother.  His mother worked to support the family but they struggled financially; Mr. Latimer recalls the heat occasionally being shut off in the winter because his mother could not afford to pay the bill.  Mr. Latimer also struggled emotionally due to the absence of his father.  His mother became involved with another man who eventually became Mr. Latimer's stepfather.  The stepfather was physically abusive to his mother and mentally abusive to Mr. Latimer and his siblings.  While he and his mother have reconciled and are now extremely close, the presence of the abusive stepfather drove a wedge between them.

Despite the turmoil at home, Mr. Latimer was bright and showed promise at school.  He received a scholarship to attend high school at Brimmer & May, a well-regarded private school in Chestnut Hill.  There, he became heavily involved in the theater program.  While he greatly enjoyed his work in the drama program, his academic performance suffered.  He lost his scholarship and transferred to the Urban Science Academy in Boston.  This was a dispiriting turn

of events that had a profound effect on Mr. Latimer.  While Mr. Latimer did graduate from the Urban Science Academy, he was disconnected from peers and generally unmotivated.  Mr. Latimer believes this period of time marked the start of his ongoing battle with depression.

Mr. Latimer's adulthood has been characterized by a degree of listlessness and depressive episodes.  Following high school, he began taking college coursework at a local community college but soon lost interest.  He has held various retail jobs at relatively low pay, first taking a position as an assistant manager at a Starbucks.  After working at Starbucks for several years, he accepted a similar position at Dunkin Donuts in Rhode Island.  But he did not last long in that role.  He was fired after drinking an alcoholic beverage in the workplace on St. Patrick's Day.  At the time of his arrest, he was working at an auto supply warehouse.

As mentioned, Mr. Latimer experienced depression throughout these experiences.  He sought to address his depression in a number of ways.  He did seek out mental health care in 2021 and was referred to a clinician.  His participation in counselling, however, was sporadic at best and he was not treated with any sort of medication.  At the time, Mr. Latimer was self-medicating through substance use—primarily marijuana, which he had to come to use daily and rely on to numb the feelings of disconnect and worthlessness he was experiencing.  Since his arrest and detention, Mr. Latimer has continued to battle depression, which has been exacerbated by the guilt and remorse he feels for his conduct.

Fortunately, he continues to enjoy the support of his family.  Both his grandmother (Michelle Keith) and great grandmother (Geraldine Major) have submitted letters on his behalf.  Both believe that his conduct in this case is not representative of his true character, citing his

sincere remorse and capacity for rehabilitation.  *See Letter of Michelle Keith and Geraldine Major.*

## Argument

Mr. Latimer acknowledges the seriousness of his offenses.  Mr. Latimer has immense guilt and regret for he did.  His decision to plead guilty—without a plea agreement, in a case where he faces the potential of life imprisonment—reflects a meaningful acceptance of responsibility and a desire to spare the victims any further trauma.  The defense does not dispute the severity of the offenses and agrees that consideration of the nature and circumstances of the offense call for stiff punishment.

That said, the nature and circumstances of the offense is but one of several factors for the Court to weigh under 18 U.S.C. § 3553(a).  The Court must also consider Mr. Latimer's personal history and characteristics.  Notably, he has no prior criminal history.  As described in the presentence report, Mr. Latimer's childhood was difficult and he suffered emotional abuse from a stepfather.  As a teenager, he was forced to transfer high schools due to the loss of an academic scholarship.  This coincided with the onset of depressive symptoms, leading Mr. Latimer to indulge in problematic use of marijuana.  While he did at one point seek out mental health care, the treatment consisted only of occasional counseling.  Critically, he was not engaging in any formal of mental health treatment at the time of the offense conduct.

The Court must also consider deterrence, the protection of the public, and the need to provide the defendant with needed medical care or treatment.  The proposed sentence of 20 years imprisonment satisfies these needs.  Twenty years in prison is an enormous punishment for a first time offender and will incapacitate Mr. Latimer into his middle age.  It will be sufficient to deter

Mr. Latimer from committing additional crimes and provide general deterrence by sending a message that crimes of this nature result in decades of imprisonment. And importantly, the Court can ensure that Mr. Latimer receives sex offender treatment and mental health care by mandating that he do so as conditions of supervised release.

The government argues that a longer period of prison is especially necessary to protect children from further crimes of Mr. Latimer. While the government's concerns are well taken, the Court's sentencing decision must also be guided by the knowledge that Mr. Latimer, when released, will be subject to intense supervision and scrutiny for an extended period of time.[1] The probation office has proposed a panoply of special conditions (including internet monitoring, associational restrictions, polygraph testing, etc) which will serve to protect the public. Moreover, the probation office has also proposed that Mr. Latimer be required to engage in mental health care and sex offender specific treatment. These measures, which are also intended to address concerns of recidivism, are entirely warranted in the circumstances of this case and Mr. Latimer does not object to them.

Lastly, the Court must consider the need to avoid unwarranted sentencing disparities among similarly situated codefendants. The government points to JSIN data and a number of cases in this district involving similar conduct. As an initial matter, the government asserted that Latimer's conduct "focused on multiple children over a period of at least a year" and therefore was "unlike" and more severe than those cited defendants. In several of the cases cited, that proposition is questionable.[2] Moreover, other cases in this district resulted in sentences similar

---

[1] Five years is the *minimum* period of supervised release authorized, with the maximum being life.
[2] Undersigned counsel reviewed publicly available press releases from the U.S. Attorney's Office, which was contradictory in two of these cases. For example, a U.S. Attorney's Office press release regarding the Jakob Nieves sentencing noted that the case involved images and videos of <u>two</u> children under the age of four. Similarly, the

to that proposed here. *See United States v. Atticus Bernard,* 21-cr-10224 (defendant sentenced to 20 years imprisonment, 2 toddler victims); *United States v. Stephen Cote, United States v. Michael Geoffrey*, 21-cr-30001 (defendant sentenced to 20 years imprisonment, 1 victim but CSAM was distributed to a chat group); *United States v. Patrick Baxter*, 23-cr-10001 (defendant sentenced to 20 years imprisonment after trial, one 7 year old victim); *United States v. Nichole Cyr*, 20-cr-10303 (25 year sentence, two victims (ages 2 & 7) for whom defendant had worked as a babysitter). While such data may be informative in a general sense, the Court must determine Mr. Latimer's sentence in an individualized fashion on the basis of the unique sentencing factors present in this case.

On balance, the defense suggests that the recommendation of 20 years imprisonment is reasonable in that it provides for a stiff punitive sentence accounting for the seriousness of the offense, protection of the public, and deterrence. Indeed, a 20 year sentence is significantly lengthier than the 15 year sentence received by Mr. Latimer in Worcester Superior Court for essentially the same conduct. At the same time, it recognizes that Mr. Latimer is a first-time offender and offers a path for rehabilitation, albeit under onerous conditions of supervised release designed to reduce the risk of recidivism and ensure community safety.

## Conclusion

For all these reasons, the defense maintains that a sentence of 20 years (240 months) imprisonment, to be followed by a lengthy period of supervised release, is "sufficient, but not greater than necessary" to fulfill the purposes of sentencing under 18 U.S.C. § 3553(a). To the extent that there may be a claim for restitution, the Defendant joins in the government's request

---

press release issued following the Ryan Decarolis sentencing reflected that the defendant had produced depictions of himself sexually assaulting 3 boys under the age of 12 and a fourth boy who was 12 years old.

to schedule a hearing regarding those claims. Furthermore, the Defendant requests that the Court decline to impose a fine or financial penalty under either 18 U.S.C. § 3014 (JVTA assessment) or 18 U.S.C. § 2259A (AVAA assessment). As the Court determined at the time undersigned counsel was appointed, Mr. Latimer is indigent. The presentence report reflects that he has no assets, no income, and has an outstanding loan balance of approximately $22,000. Accordingly, he has demonstrated that he indigent and unable to pay a fine or financial penalty.

                JALEN LATIMER
                by his attorney
                */s/ Scott Lauer*
                Scott Lauer (BBO #667807)
                FEDERAL PUBLIC DEFENDER OFFICE
                51 Sleeper Street, 5th Floor
                Boston, MA 02210
                617-223-8061 (phone)
                617-223-8080 (fax)
                Scott_Lauer@fd.org

**Certificate of Service**

I, Scott Lauer, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") via electronic mail.

Date: <u>March 17, 2025</u>                  */s/ Scott Lauer*
                                        Scott Lauer